IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HYRAM JAY MOORE**             **PLAINTIFF**

**V.**             **NO. 4:21-CV-26-DMB-DAS**

**WALTER STEWART, et al.**             **DEFENDANTS**

**ORDER**

This case is before the Court for sua sponte consideration of numerous filings.

**I**
**Procedural History**

On January 21, 2021, Hyram Jay Moore filed in the Circuit Court of Coahoma County, Mississippi, a complaint against Walter Stewart and The Hartford Financial Services Group d/b/a The Hartford. Doc. #4-3. The complaint alleges that Stewart negligently struck Moore's vehicle, causing injuries, and that Hartford, Moore's insurer, wrongfully denied uninsured motorist coverage arising from the accident. *Id.* at PageID 169–172. Four days later, Moore filed an amended complaint, which appears to be substantively identical to the original complaint. *See* Doc. #2. Hartford then removed the case based on diversity jurisdiction. Doc. #1.

On March 11, 2021, a second amended complaint was filed adding Trumbull Insurance Company as "the writing company for the Plaintiff's uninsured/underinsured motorist coverage." Doc. #11 at PageID 412. The next day, Charlie Moore Gregg, acting as the administratrix of Moore's estate, filed a third amended complaint which alleges that Moore died on February 18, 2021, and in which Gregg purports to substitute herself as the plaintiff. Doc. #12. Neither of these pleadings was filed with leave of the Court.

On March 18, 2021, a motion to remand was filed purportedly on behalf of Moore. Doc. #13. The next day, Hartford filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim. Doc. #15. Gregg then filed a motion to remand of her own, Doc. #17, and a response to the motion to dismiss, Doc. #20.

On April 1, 2021, Trumbull filed a motion to sever the claims brought against it from the claims asserted against Stewart. Doc. #23. One week later, Gregg filed a motion to "extend[] the deadline to respond/rebut any outstanding motion(s), including the Motion to Dismiss [Doc. 15], Motion to Remand and for Fees and Expenses [Doc. 17], or Motion to Sever [Doc. 23]." Doc. #29.

## II
## Status of the Docket

In addressing the docket's status, the Court notes that Federal Rule of Civil Procedure 15 provides a plaintiff the right to amend once as a matter of right but that after such an amendment, a plaintiff must obtain leave of court to file another amended pleading. State court amendments count for purposes of Rule 15 such that when a plaintiff in a removed case amended as of right in state court, no right to amend in federal court exists without leave of the Court. *Suarez v. GEO Grp., Inc.*, No. 5:15-CV-83, 2015 WL 13121263, at *1 (S.D. Tex. May 18, 2015) (collecting cases). Because Moore amended his complaint once in state court, the complaint could not be further amended post-removal without this Court's leave. Because no such leave was sought much less granted, both amended complaints filed in this Court will be stricken.[1] Accordingly, the operative complaint in this action is the January 25, 2021, amended complaint filed in state court.

---

[1] If not stricken, the post-removal amended complaints would be nullities for the reasons explained below.

The January 25 amended complaint lists Moore as the plaintiff. However, it appears that Moore died on February 18. As this Court has previously explained, under Mississippi law:

> when a party dies, at least three legal mechanisms come into play. First, the deceased party loses his capacity to sue or be sued. Second, a power of attorney, depending as it does on the consent of the grantor under the instrument, is cancelled immediately on the death of the grantor so that the attorney in fact has no further authority to act on behalf of the grantor. Third, assuming some claims are not extinguished, the Court may order substitution of a "proper" party pursuant to Rule 25 of the Federal Rules of Civil Procedure. …
>
> Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the proper party for substitution would be either the executor or administrator of the estate of the deceased. If the estate has been closed, the proper party, or parties, would be the distributee or distributees of the estate.

*Rowland v. GGNSC Ripley, LLC*, No. 3:13-CV-11, 2015 WL 5197565, at *2 (N.D. Miss. Sept. 4, 2015) (cleaned up).

Consistent with the above, any documents purportedly filed on Moore's behalf after his death are properly deemed nullities. Furthermore, insofar as Gregg has not been substituted for Moore, any documents filed by or on her behalf are also without legal effect. *See Ben-Zvi v. Bo Hi Pak*, 510 F. App'x 2, 3 (2d Cir. 2013) ("Because these filings were made by a non-party to this litigation who has no authority to appear before this Court in a representative capacity, they will be stricken from the record."). However, rather than strike every improper filing and needlessly delay this case, the Court, in the interest of efficiency, will stay this case for twenty-one (21) days. During this time, Gregg may file a motion for substitution pursuant to Federal Rule of Civil Procedure 25, and then, if such motion is granted, notify the Court that she wishes to ratify the filings and actions made in this case following Moore's death.

## III
## Conclusion

For the reasons explained above, the second and third amended complaints [11][12] are **STRICKEN**. This case is **STAYED** for twenty-one (21) days or until a motion for substitution is filed within the stay period, whichever is earlier.

**SO ORDERED**, this 13th day of April, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**