IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HYRAM JAY MOORE**                                                                      **PLAINTIFF**

**V.**                                                                      **NO. 4:21-CV-26-DMB-DAS**

**WALTER STEWART, et al.**                                               **DEFENDANTS**

## ORDER

This case is before the Court for sua sponte consideration of subject matter jurisdiction.

### I
### Procedural History

On January 21, 2021, Hyram Jay Moore filed in the Circuit Court of Coahoma County, Mississippi, a complaint against Walter Stewart and The Hartford Financial Services Group d/b/a The Hartford. Doc. #4-3. The complaint alleges that Stewart negligently struck Moore's vehicle, causing injuries, and that Hartford, Moore's insurer, wrongfully denied uninsured motorist coverage arising from the accident. *Id.* at PageID 169–72. Four days later, Moore filed an amended complaint, which appears to be substantively identical to the original complaint. *See* Doc. #2. Hartford then removed the case to the United States District Court for the Northern District of Mississippi asserting diversity jurisdiction. Doc. #1.

On March 11, 2021, a second amended complaint was filed adding Trumbull Insurance Company as "the writing company for the Plaintiff's uninsured/underinsured motorist coverage." Doc. #11 at PageID 412. The next day, Charlie Moore Gregg, acting as the administratrix of Moore's estate, filed a third amended complaint which alleges that Moore died on February 18, 2021, and in which Gregg purports to substitute herself as the plaintiff. Doc. #12. Neither of these pleadings was filed with leave of the Court.

On March 18, 2021, a motion to remand was purportedly filed on behalf of Moore. Doc. #13. The next day, Hartford filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim. Doc. #15. Gregg then filed a motion to remand of her own, Doc. #17, and a response to the motion to dismiss, Doc. #20.

On April 1, 2021, Trumbull filed a motion to sever the claims brought against it from the claims asserted against Stewart. Doc. #23. One week later, Gregg filed a motion to "extend[] the deadline to respond/rebut any outstanding motion(s), including the Motion to Dismiss [Doc. 15], Motion to Remand and for Fees and Expenses [Doc. 17], or Motion to Sever [Doc. 23]." Doc. #29.

On April 13, 2021, this Court struck the two amended complaints as having been filed without leave, leaving the then-operative complaint as the January 25 amended complaint filed in state court. Doc. #32. However, because the record reflected that Moore had died on February 18, 2021, the Court found that "any documents purportedly filed on [his] behalf after his death are properly deemed nullities" and that because Gregg had not been substituted for Moore, "any documents filed by or on her behalf are without legal effect." *Id*. at 3. Accordingly, the Court stayed the case to allow Gregg to file a motion for substitution and then "if such motion is granted, notify the Court that she wishes to ratify the filings and actions made in this case following Moore's death." *Id*.

Gregg filed a motion for substitution on April 16, 2021. Doc. #33. Three days later, United States Magistrate Judge David A. Sanders granted the motion. Doc. #34. The same day, this Court entered an order lifting the stay and allowing Gregg seven days to ratify the previous filings. Doc. #35.

To date, Gregg has not ratified any of the earlier filings. However, on May 3, 2021, she

2

filed a motion to amend the complaint to "clarify certain allegations and to add fictitious parties." Doc. #36. The next day Judge Sanders granted the motion to amend, Doc. #37, and Gregg filed the amended complaint, Doc. #38.

## II
## Jurisdiction

As this Court noted in its previous order, absent proper ratification, filings made on behalf of a deceased party and those made on behalf of a non-party are properly deemed nullities. *See* Doc. #32 at 3. To the extent Gregg has declined to ratify such documents in this case, the motions to remand and the motion for an extension to respond to the motion to dismiss are not properly before the Court and will be stricken. *See Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000) (motion filed purportedly on behalf of deceased party is "tantamount to no motion at all"). However, a court "must raise … jurisdictional issue[s] *sua sponte* if necessary." *PNC Bank, Nat'l Ass'n v. Ruiz*, 989 F.3d 397, 401 (5th Cir. 2021). Upon sua sponte consideration of jurisdiction here, the Court concludes that remand is necessary.

As mentioned above, this case was removed from state court based on an assertion of diversity jurisdiction. For diversity jurisdiction to exist, there must be "complete diversity of citizenship between the parties and [an] amount in controversy [in excess of] $75,000." *Balfour Beatty Constr., L.L.C. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504, 509 (5th Cir. 2020). Complete diversity exists when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Soaring Wind Energy, L.LC. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020). Diversity jurisdiction must exist at the time of removal. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).

Here, there is no dispute the amount in controversy requirement is satisfied. With respect to citizenship, the notice of removal alleges that, on the date of removal, Moore was a citizen of

Mississippi and Hartford was a citizen of Delaware and Connecticut. Doc. #1 at 3–4. The notice of removal further alleges that while Stewart is non-diverse, his citizenship must be disregarded because the "claims against Stewart are completely distinct, have different elements of proof, and do not arise out of the same transaction or occurrence as the claims against Hartford Financial." *Id*. at 4. In advancing this argument, Hartford relies on the doctrine of "misjoinder," which permits a district court in a removal case to disregard the citizenship of a party who has been "egregious[ly]" misjoined in state court. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1076–77 (11th Cir. 2000).

This Court has previously observed that "[w]hile the Fifth Circuit has spoken approvingly of *Tapscott* in dicta, it has never adopted or applied the rule." *Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 4:17-cv-124, 2018 WL 1096836, at *2 (N.D. Miss. Feb. 28, 2018). Accordingly, consistent with the dictate that the removal statute must be strictly construed, this Court has held that "[i]n the absence of clear direction from either the Fifth Circuit or the United States Supreme Court, this Court, in strictly interpreting the removal statute, declines to expand its jurisdiction to adopt the doctrine of misjoinder announced in *Tapscott*." *Id*. The Court sees no reason to depart from its conclusion that *Tapscott* cannot justify invocation of subject matter jurisdiction. Consequently, the Court concludes that it lacks subject matter jurisdiction over this case and that this case must be remanded.

### III
### Conclusion

For the reasons explained above, the pending motions to remand [13][17] and the motion for extension to respond to the motion to dismiss [29] are **STRICKEN**. This case is **REMANDED**

4

to the Circuit Court of Coahoma County, Mississippi.[1]

**SO ORDERED**, this 10th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] On remand, the state court may choose to determine the validity, if any, of the order allowing substitution and the order granting leave to file an amended complaint. *See Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 729 (E.D. Mich. 2010) ("Since removal was improper, the Court is without subject matter jurisdiction over the case, and its actions while the case was pending are a nullity.") (collecting authorities).